NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 1, 2019[*]
Decided May 17, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 18-3046 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| COURTNEY COBBS, *Plaintiff-Appellant,* | |
| *v.* | No. 18-C-338 |
| RICHARD CHIAPETE, PATRICIA HANSON, and ARTHEL L. HOWELL, *Defendants-Appellees.* | William C. Griesbach, *Chief Judge.* |

**Order**

Eight years after being convicted of crimes related to bank robbery, Courtney Cobbs filed a motion under Wis. Stat. §974.07 asking for a DNA test of evidence collected at the bank. Cobbs offered to pay for the testing. The statute provides that a prisoner is entitled to a test if evidence held by the state is "relevant to the investigation or prosecu-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

tion that resulted in the conviction" and has not previously been tested (or has not been tested using the latest techniques). Wis. Stat. §974.07(2); *State v. Moran*, 2005 WI 115 ¶3. A state judge denied this request, ruling that the evidence is not relevant. Two other people committed the robbery, and Cobbs is culpable for their acts, so even if the test did not turn up Cobbs's DNA that would not exonerate him, the judge concluded.

Cobbs's appeal was held in abeyance until the Supreme Court of Wisconsin decided *State v. Denny*, 2017 WI 17. *Denny* held that, for testing to be required under §974.07, it must be "reasonably probable" that a prisoner would not have been prosecuted or convicted had the evidence been tested earlier (and had the result of the test been favorable to the accused). *Id*. at ¶¶ 53, 59, 76. See also Wis. Stat. §974.07(7)(a)2, (b)1. The court of appeals then held that *Denny* forecloses relief for Cobbs—and that he also did not meet "a number of conditions set forth in the statute." 2017 Wisc. App. LEXIS 676 (Mar. 29, 2017) at *2. The court of appeals declined to reconsider this decision, and the Supreme Court of Wisconsin denied a petition for review.

Cobbs then filed this federal suit under 42 U.S.C. §1983. Naming as defendants two prosecutors and a police chief, Cobbs contends that they are obliged to test the evidence in question. He maintains that by applying *Denny* to a pending suit the state court violated the Constitution.

A magistrate judge recommended that the district judge dismiss this suit under the *Rooker-Feldman* doctrine, named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). 2018 U.S. Dist. LEXIS 121279 (E.D. Wis. July 18, 2018). In civil litigation only the Supreme Court of the United States may review the final decision of a state court. 28 U.S.C. §1257. The *Rooker-Feldman* doctrine requires district courts to dismiss, for lack of jurisdiction, any request for federal review of a state court's decision, and the magistrate judge understood Cobbs to be seeking just such review. But the district judge, without mentioning the *Rooker-Feldman* doctrine, dismissed the suit on the merits, holding that because the testing could not have helped Cobbs, he lacks any constitutional right to it. 2018 U.S. Dist. LEXIS 147139 (E.D. Wis. Aug. 28, 2018). The district judge also said that he adopted the magistrate judge's report, which would have required a jurisdictional dismissal, but the Rule 58 judgment entered in the case is a standard take-nothing judgment on the merits.

Subject-matter jurisdiction is the first issue any federal court must address, and defendants ask us to order the suit's dismissal under the *Rooker-Feldman* doctrine. Cobbs does not deny that he disagrees with the state judiciary's decisions, but that is not enough to bring the *Rooker-Feldman* doctrine into play. That doctrine deals with harm *caused* by a state court's decision; when the complained-of harm can be alleviated only

by annulling the decision, the *Rooker-Feldman* doctrine shows that only the Supreme Court can provide that relief. See *GASH Associates v. Rosemont*, 995 F.2d 726, 727–28 (7th Cir. 1993). But Cobbs's injury is the absence of DNA evidence, which he believes could be used to contest his imprisonment. See *Skinner v. Switzer*, 562 U.S. 521 (2011). His desire for that evidence predates the state courts' rejection of his request under Wis. Stat. §974.07. He asked for relief in state court and did not get it, but still the injury (imprisonment without DNA evidence) preceded their decisions. *GASH* holds that when state courts deny a request for relief, rather than imposing independent injury, the law of preclusion (res judicata or collateral estoppel), not an absence of jurisdiction, supplies the rule of decision. And the Supreme Court has twice approved the approach we took in *GASH*. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

*Exxon Mobil* and *Skinner* observe that sequential suits (in state and federal court) about the same subject are governed by the law of preclusion, unless the state court has caused the very loss being complained about. A federal court gives the state court's decision the same effect it would have in state court. 28 U.S.C. §1738. Wisconsin follows the normal rule that one suit is enough; disagreement with the outcome, or the presentation of a new legal theory, does not permit a litigant a second bite at the apple. See, e.g., *Fannie Mae v. Thompson*, 2018 WI 57. Cobbs litigated and lost in state court; the doctrine of claim preclusion (res judicata) blocks this federal suit even though Cobbs has attempted to recast his theory on constitutional grounds. (It is not, at all events, a good theory. The Ex Post Facto Clause prevents retroactive application of changes in criminal law, but full retroactivity of decisions in civil litigation is the norm. See, e.g., *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993).)

Whether Cobbs could have avoided preclusion by framing his arguments as a collateral attack on his conviction, see 28 U.S.C. §2254, does not matter to this suit under §1983. Different procedural issues, such as exhaustion and timeliness, would arise in litigation under §2254. It is enough for now to say that ordinary principles of claim preclusion prevent Cobbs from using §1983 to obtain a second opinion on the question whether Wis. Stat. §974.07 entitles him to have evidence tested for DNA.

AFFIRMED